# EXHIBIT 7

Paul Stewart (SBN 153,467)
paul.Stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiffs EDGE SYSTEMS LLC and
AXIA MEDSCIENCES, LLC

Marc E. Hankin (SBN 170,505)
marc@hankinpatentlaw.com
Anooj Patel (SBN 300.297)
anooj@hankinpatentlaw.com
HANKIN PATENT LAW, APC
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Telephone: (310) 979-3600
Facsimile: (310) 979-3603

Attorneys for Defendant IMAGE MICRODERM, INC.

E-FILED 5/23/19
JS-6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDGE SYSTEMS LLC, a California limited liability company, and AXIA MEDSCIENCES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>IMAGE MICRODERM, INC., a Nevada corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS AND COUNTERCLAIMS-IN-REPLY | Civil Action No. 2:17-CV-08699-PSG-AGR<br><br>[PROPOSED]<br><br>**FINAL CONSENT JUDGMENT OF WILLFUL INFRINGEMENT AND PERMANENT INJUNCTION** |

Plaintiffs Edge Systems LLC ("Edge") and Axia Medsciences, LLC (collectively, "Plaintiffs") and Defendant Image Microderm, Inc. ("Defendant") hereby stipulate and jointly move for entry of final judgment as follows:

1. That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Plaintiffs and Defendant.

2. That venue is proper in this judicial district.

3. That Edge owns each of U.S. Patent Nos. 6,641,591 ("the 591 Patent"), 7,789,886 ("the '886 Patent"), 8,066,716 ("the '716 Patent"), 8,337,513 ("the '513 Patent"), 9,468,464 ("the '464 Patent"), 9,775,646 ("the '646 Patent") and 9,550,052 ("the '052 Patent") (collectively, the "patents-in-suit").

4. That each of the patents-in-suit is valid and enforceable, and that Defendant shall not challenge the validity or enforceability of any of the patents-in-suit in any judicial, administrative, or other proceeding.

5. That Defendant has manufactured, used, sold, offered for sale, and/or imported into the United States the BioXFusion MD product shown in Exhibit A.

6. That Defendant has manufactured, used, sold, offered for sale, and/or imported into the United States the BioXFusion Mini product shown in Exhibit B.

7. That the manufacture, use, sale, offer for sale, and/or importation into the United States of the BioXFusion MD product shown in Exhibit A infringes each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, the '646 Patent, and the '052 Patent.

8. That the manufacture, use, sale, offer for sale, and/or importation into the United States of the BioXFusion Mini product shown in Exhibit B infringes each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent.

///

9. That through the manufacture, use, sale, offer for sale, and/or importation into the United States of the BioXFusion MD product shown in Exhibit A, Defendant has infringed each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, the '646 Patent, and the '052 Patent.

10. That through the manufacture, use, sale, offer for sale, and/or importation into the United States of the BioXFusion Mini product shown in Exhibit B, Defendant has infringed each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent.

11. That Defendant induced its customers to infringe each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent, by using the BioXFusion MD product shown in Exhibit A because Defendant had knowledge of each of these patents-in-suit, Defendant knew that its customers would infringe each of these patents by using the BioXFusion MD product shown in Exhibit A, and Defendant had the specific intent to induce and did induce its customers to infringe each of these patents-in-suit by using the BioXFusion MD product shown in Exhibit A.

12. That Defendant induced distributors to infringe each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent, by selling and/or offering for sale the BioXFusion MD product shown in Exhibit A, because Defendant had knowledge of each of these patents-in-suit, Defendant knew that distributors would infringe each of these patents by selling and/or offering for sale the BioXFusion MD product shown in Exhibit A, and Defendant had the specific intent to induce and did induce distributors to infringe each of these patents-in-suit by selling and/or offering for sale the BioXFusion MD product shown in Exhibit A.

13. That Defendant induced its customers to infringe each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent by using the BioXFusion Mini product shown in Exhibit B because

- 2 -

Defendant had knowledge of each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent, Defendant knew that its customers would infringe each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent by using the BioXFusion Mini product shown in Exhibit B, and Defendant had the specific intent to induce and did induce its customers to infringe each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent by using the BioXFusion Mini product shown in Exhibit B.

14. That Defendant induced distributors to infringe each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent by selling and/or offering for sale the BioXFusion Mini product shown in Exhibit B because Defendant had knowledge of each of the patents-in-suit, Defendant knew that distributors would infringe each of the patents by selling and/or offering for sale the BioXFusion Mini product shown in Exhibit B, and Defendant had the specific intent to induce and did induce distributors to infringe each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent by selling and/or offering for sale the BioXFusion Mini product shown in Exhibit B.

15. That Defendant's infringement of each of the '591 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '646 Patent was willful.

16. That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the BioXFusion MD product shown in Exhibit A, the BioXFusion Mini product shown in Exhibit B, or any other goods that are infringements of

1 the '591 Patent during the life of the '591 Patent.

2     17.    That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the BioXFusion MD product shown in Exhibit A, the BioXFusion Mini product shown in Exhibit B, or any other goods that are infringements of the '886 Patent during the life of the '886 Patent.

    18.    That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the BioXFusion MD product shown in Exhibit A, the BioXFusion Mini product shown in Exhibit B, or any other goods that are infringements of the '716 Patent during the life of the '716 Patent.

    19.    That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the BioXFusion MD product shown in Exhibit A, the BioXFusion Mini product shown in Exhibit B, or any other goods that are infringements of the '513 Patent during the life of the '513 Patent.

    20.    That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting

to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the BioXFusion MD product shown in Exhibit A, the BioXFusion Mini product shown in Exhibit B, or any other goods that are infringements of the '464 Patent during the life of the '464 Patent.

21. That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the BioXFusion MD product shown in Exhibit A, the BioXFusion Mini product shown in Exhibit B, or any other goods that are infringements of the '646 Patent during the life of the '646 Patent.

22. That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the BioXFusion MD product shown in Exhibit A or any other goods that are infringements of the '052 Patent during the life of the '052 Patent.

23. That Defendant is enjoined from inducing others from undertaking any of the actions prohibited by any of Paragraphs 16-22 of this Final Consent Judgment and Permanent Injunction.

24. That Defendant has breached Paragraph 5 of the Parties' August 2014 Settlement Agreement attached as Exhibit C ("2014 Agreement").

25. That the covenant not to sue granted to Defendant by Plaintiffs in Paragraph 5 of the 2014 Agreement is null and void, but that all other provisions of the 2014 Agreement remain in effect.

26. That Final Judgment be entered in favor of Plaintiffs and against Defendant on all claims, counterclaims, and defenses in this action.

27. That Defendant has not paid any compensation for the infringing acts described herein.

28. That no other or further relief, monetary or otherwise, be granted to Plaintiffs or Defendant with respect to each other, and that Plaintiffs will not seek any further relief, monetary or otherwise, from Defendant and/or from any of Defendant's officers, directors, agents, servants, employees and affiliates, representatives and attorneys, and/or any and all other persons and/or entities acting and/or attempting to act in concert and/or participation with them, including but not limited to, any and all of Defendant's distributors and/or customers, for any acts and/or omissions relating to the allegations of the Complaint in this matter. Plaintiff's agreement not to seek further relief from Defendant's distributors and/or customers shall be void against any distributor or customer who files an action for declaratory relief against Plaintiff relating to any of the patents in suit. For the avoidance of doubt, no license or release is hereby created in favor of Defendant's distributors or customers, who are receiving only a conditional personal immunity from suit.

29. That Defendant affirmatively waives any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

30. That this Court retain jurisdiction over this matter to enforce compliance with the Permanent Injunction.

31. That each party will bear its own costs and attorneys' fees for this action.

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED AND AGREED**

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 20, 2019

By: */s/ Paul A. Stewart*
Paul A. Stewart
paul.stewart@knobbe.com
Ali S. Razai
ali.razai@knobbe.com

Attorneys for Plaintiffs
EDGE SYSTEMS LLC and
AXIA MEDSCIENCES, LLC

HANKIN PATENT LAW, APC

Dated: May 20, 2019

By: */Marc E. Hankin/ (with permission)*
Marc E. Hankin
marc@hankinpatentlaw.com
Anooj Patel
anooj@hankinpatentlaw.com

Attorneys for Defendant,
IMAGE MICRODERM, INC.

**IT IS SO ORDERED AND DECREED, AND FINAL JUDGMENT IS HEREBY ENTERED**

Dated: 5/23/19

Honorable Philip S. Gutierrez
United States District Judge

30557834

- 7 -