# EXHIBIT G

1 | Brenton R. Babcock (SBN 162,120)
brent.babcock@knobbe.com
2 | Rustin Mangum (SBN 280,109)
rustin.mangum@knobbe.com
3 | KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
4 | Irvine, CA 92614
Telephone: 949-760-0404
5 | Facsimile: 949-760-9502

6 | Attorneys for Plaintiffs
EDGE SYSTEMS LLC and
7 | AXIA MEDSCIENCES, LLC

8

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 | WESTERN DIVISION

12

13 | EDGE SYSTEMS LLC, a California ) Case No.: 2:14-CV-04428
limited liability company, and AXIA )
14 | MEDSCIENCES, LLC, a Delaware )
limited liability company, )
15 | )
Plaintiffs, ) **COMPLAINT FOR PATENT**
16 | ) **INFRINGEMENT**
v. )
17 | ) **DEMAND FOR JURY TRIAL**
IMAGEMICRODERM, INC., a )
18 | Nevada corporation, )
)
19 | Defendant. )
)
20 | )

21

22

23

24

25

26

27

28

1    Plaintiffs Edge Systems LLC ("Edge") and Axia MedSciences, LLC

2    ("Axia"), for their Complaint against Defendant Image MicroDerm, Inc.

3    ("IMD"), hereby allege as follows:

4    **PARTIES**

5    1.    Edge is a California limited liability company having a principal

6    place of business at 2277 Redondo Avenue, Signal Hill, California, 90755.

7    2.    Edge manufactures spa and skin treatment products, including

8    Edge's HydraFacial™ hydradermabrasion systems and Delphia™

9    microdermabrasion systems, and sells and distributes them throughout the

10   United States, including in this Judicial District.

11   3.    Axia is a Delaware limited liability company having a principal

12   place of business at 23 Hallmark Circle, Menlo Park, California, 94025.

13   4.    Axia is the owner of the patents at issue in this case, and Edge is

14   the exclusive licensee of those patents.

15   5.    Upon information and belief, IMD is a Nevada corporation

16   having a principal place of business at 632 W. Elk Ave. Glendale, California,

17   91204.

18   **JURISDICTION AND VENUE**

19   6.    This action arises under the Patent Laws of the United States, 35

20   U.S.C. §§ 100, *et seq*.

21   7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C.

22   §§ 1331 and 1338(a).

23   8.    Upon information and belief, IMD conducts business throughout

24   the United States, including in this Judicial District, and has committed the acts

25   complained of in this Judicial District and elsewhere.

26   9.    This Court has personal jurisdiction over IMD by virtue of its

27   systematic and continuous contacts with California and by virtue of its actions

28   / / /

-1-

1   in California, including in this Judicial District, constituting infringement of the

2   patents in suit.

3         10.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §

4   1391(b), (c) and 1400(b), and by Plaintiffs' choice of venue.

5                        **FIRST CLAIM FOR RELIEF**

6            **INFRINGEMENT OF U.S. PATENT NO. 6,299,620**

7         11.     Plaintiffs incorporate by reference and reallege each of the

8   allegations set forth in Paragraphs 1-10 above.

9         12.     On October 9, 2001, U.S. Patent No. 6,299,620 ("the '620

10  Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR INDUCING

11  NEOCOLLAGENESIS IN SKIN TREATMENTS," was duly and legally issued

12  by the United States Patent and Trademark Office.  A copy of the '620 Patent is

13  attached hereto as Exhibit 1.

14        13.     Edge is the exclusive licensee of the '620 Patent.

15        14.     Edge has provided proper and sufficient notice to the public that

16  its products are patented under the '620 Patent by marking its products with an

17  Internet address that lists the patent number.

18        15.     Upon information and belief, IMD manufactures, distributes,

19  imports, offers to sell, and/or sells in the United States certain products that

20  infringe the '620 Patent, including but not limited to the HPF 3000 HydroFusion

21  Portapeel MD product and/or system.

22        16.     Upon information and belief, IMD has contributed to the

23  infringement of the '620 Patent by others, through IMD's activities relating to

24  its HPF 3000 HydroFusion Portapeel MD product and/or system.

25        17.     Upon information and belief, IMD has induced infringement of

26  the '620 Patent by others, through IMD's activities relating to its HPF 3000

27  HydroFusion Portapeel MD product and/or system.

28  / / /

18.     Each of IMD's infringing activities is without the consent of, authority of, or license from Edge.

19.     On April 8, 2014 Edge's President sent a cease and desist letter to IMD informing them of Edge's rights to the '620 Patent and that IMD's activities relating to the HPF 3000 HydroFusion Portapeel MD product infringed the '620 Patent.  A copy of that letter is attached hereto as Exhibit 7.

20.     On April 14, 2014, Edge received a response from IMD, through counsel, which requested additional information regarding the infringement of Edge's patents.  A copy of that letter is attached hereto as Exhibit 8.

21.     Edge's attorney sent a letter, dated April 25, to IMD providing the requested information regarding infringement of the '620 Patent.  IMD did not respond to this letter.  A copy of that letter is attached hereto as Exhibit 9.

22.     IMD's acts of infringement have caused damage to Edge in an amount to be determined at trial.

23.     IMD's infringement of the '620 Patent is causing irreparable harm to Edge, for which there is no adequate remedy at law.  IMD's infringement will continue, and will continue to cause irreparable harm to Edge, unless IMD's infringement is enjoined by this Court.

24.     Upon information and belief, IMD's infringement of the '620 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

### SECOND CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,641,591

25.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-24 above.

26.     On November 4, 2003, U.S. Patent No. 6,641,591 ("the '591 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR

-3-

1  CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and

2  legally issued by the United States Patent and Trademark Office.  A copy of the

3  '591 Patent is attached hereto as Exhibit 2.

4          27.      Edge is the exclusive licensee of the '591 Patent.

5          28.      Edge has provided proper and sufficient notice to the public that

6  its products are patented under the '591 Patent by marking its products with an

7  Internet address that lists the patent number.

8          29.      Upon information and belief, IMD manufactures, distributes,

9  imports, offers to sell, and/or sells in the United States certain products that

10  infringe the '591 Patent, including but not limited to the HPF 3000 HydroFusion

11  Portapeel MD product and/or system.

12          30.      Upon information and belief, IMD has contributed to the

13  infringement of the '591 Patent by others, through IMD's activities relating to

14  its HPF 3000 HydroFusion Portapeel MD product and/or system.

15          31.      Upon information and belief, IMD has induced infringement of

16  the '591 Patent by others, through IMD's activities relating to its HPF 3000

17  HydroFusion Portapeel MD product and/or system.

18          32.      Each of IMD's infringing activities is without the consent of,

19  authority of, or license from Edge.

20          33.      On April 8, 2014 Edge's President sent a cease and desist letter to

21  IMD informing them of Edge's rights to the '591 Patent and that IMD's

22  activities relating to the HPF 3000 HydroFusion Portapeel MD product

23  infringed the '591 Patent.  A copy of that letter is attached hereto as Exhibit 7.

24          34.      On April 14, 2014, Edge received a response from IMD, through

25  counsel, which requested additional information regarding the infringement of

26  Edge's patents.  A copy of that letter is attached hereto as Exhibit 8.

27  / / /

28  / / /

-4-

35.     Edge's attorney sent a letter, dated April 25, to IMD providing the requested information regarding infringement of the '591 Patent.  IMD did not respond to this letter.  A copy of that letter is attached hereto as Exhibit 9.

36.     IMD's acts of infringement have caused damage to Edge in an amount to be determined at trial.

37.     IMD's infringement of the '591 Patent is causing irreparable harm to Edge, for which there is no adequate remedy at law.   IMD's infringement will continue, and will continue to cause irreparable harm to Edge, unless IMD's infringement is enjoined by this Court.

38.     Upon information and belief, IMD's infringement of the '591 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,678,120

39.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-38 above.

40.     On March 16, 2010, U.S. Patent No. 7,678,120 ("the '120 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '120 Patent is attached hereto as Exhibit 3.

41.     Edge is the exclusive licensee of the '120 Patent.

42.     Edge has provided proper and sufficient notice to the public that its products are patented under the '120 Patent by marking its products with an Internet address that lists the patent number.

43.     Upon information and belief, IMD manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that

1  infringe the '120 Patent, including but not limited to the HPF 3000 HydroFusion

2  Portapeel MD and the Imagederm Diamantech products and/or systems.

3      44.     Upon information and belief, IMD has contributed to the

4  infringement of the '120 Patent by others, through IMD's activities relating to

5  its HPF 3000 HydroFusion Portapeel MD and Imagederm Diamantech products

6  and/or systems.

7      45.     Upon information and belief, IMD has induced infringement of

8  the '120 Patent by others, through IMD's activities relating to its HPF 3000

9  HydroFusion Portapeel MD and Imagederm Diamantech products and/or

10  systems.

11      46.     Each of IMD's infringing activities is without the consent of,

12  authority of, or license from Edge.

13      47.     On April 8, 2014 Edge's President sent a cease and desist letter to

14  IMD informing them of Edge's rights to the '120 Patent and that IMD's

15  activities relating to the HPF 3000 HydroFusion Portapeel MD product

16  infringed the '120 Patent.  A copy of that letter is attached hereto as Exhibit 7.

17      48.     On April 14, 2014, Edge received a response from IMD, through

18  counsel, which requested additional information regarding the infringement of

19  Edge's patents.  A copy of that letter is attached hereto as Exhibit 8.

20      49.     Edge's attorney sent a letter, dated April 25, to IMD providing

21  the requested information regarding infringement of the '120 Patent.  IMD did

22  not respond to this letter.  A copy of that letter is attached hereto as Exhibit 9.

23      50.     IMD's acts of infringement have caused damage to Edge in an

24  amount to be determined at trial.

25      51.     IMD's infringement of the '120 Patent is causing irreparable

26  harm to Edge, for which there is no adequate remedy at law.    IMD's

27  infringement will continue, and will continue to cause irreparable harm to Edge,

28  unless IMD's infringement is enjoined by this Court.

-6-

52.     Upon information and belief, IMD's infringement of the '120 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,789,886

53.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-52 above.

54.     On September 7, 2010, U.S. Patent No. 7,789,886 ("the '886 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '886 Patent is attached hereto as Exhibit 4.

55.     Edge is the exclusive licensee of the '886 Patent.

56.     Edge has provided proper and sufficient notice to the public that its products are patented under the '886 Patent by marking its products with an Internet address that lists the patent number.

57.     Upon information and belief, IMD manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '886 Patent, including but not limited to the HPF 3000 HydroFusion Portapeel MD and the Imagederm Diamantech products and/or systems.

58.     Upon information and belief, IMD has contributed to the infringement of the '886 Patent by others, through IMD's activities relating to its HPF 3000 HydroFusion Portapeel MD and Imagederm Diamantech products and/or systems.

59.     Upon information and belief, IMD has induced infringement of the '886 Patent by others, through IMD's activities relating to its HPF 3000

/ / /

-7-

1  HydroFusion Portapeel MD and Imagederm Diamantech products and/or

2  systems.

3      60.    Each of IMD's infringing activities is without the consent of,

4  authority of, or license from Edge.

5      61.    On April 8, 2014 Edge's President sent a cease and desist letter to

6  IMD informing them of Edge's rights to the '886 Patent and that IMD's

7  activities relating to the HPF 3000 HydroFusion Portapeel MD product

8  infringed the '886 Patent.  A copy of that letter is attached hereto as Exhibit 7.

9      62.    On April 14, 2014, Edge received a response from IMD, through

10  counsel, which requested additional information regarding the infringement of

11  Edge's patents.  A copy of that letter is attached hereto as Exhibit 8.

12      63.    Edge's attorney sent a letter, dated April 25, to IMD providing

13  the requested information regarding infringement of the '886 Patent.  IMD did

14  not respond to this letter.  A copy of that letter is attached hereto as Exhibit 9.

15      64.    IMD's acts of infringement have caused damage to Edge in an

16  amount to be determined at trial.

17      65.    IMD's infringement of the '886 Patent is causing irreparable

18  harm to Edge, for which there is no adequate remedy at law.    IMD's

19  infringement will continue, and will continue to cause irreparable harm to Edge,

20  unless IMD's infringement is enjoined by this Court.

21      66.    Upon information and belief, IMD's infringement of the '886

22  Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages

23  under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35

24  U.S.C. § 285.

25  **FIFTH CLAIM FOR RELIEF**

26  **INFRINGEMENT OF U.S. PATENT NO. 8,066,716**

27      67.    Plaintiffs incorporate by reference and reallege each of the

28  allegations set forth in Paragraphs 1-66 above.

1    68.    On November 29, 2011, U.S. Patent No. 8,066,716 ("the '716

2  Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR

3  CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and

4  legally issued by the United States Patent and Trademark Office. A copy of the

5  '716 Patent is attached hereto as Exhibit 5.

6    69.    Edge is the exclusive licensee of the '716 Patent.

7    70.    Edge has provided proper and sufficient notice to the public that

8  its products are patented under the '716 Patent by marking its products with an

9  Internet address that lists the patent number.

10    71.    Upon information and belief, IMD manufactures, distributes,

11  imports, offers to sell, and/or sells in the United States certain products that

12  infringe the '716 Patent, including but not limited to the HPF 3000 HydroFusion

13  Portapeel MD and the Imagederm Diamantech products and/or systems.

14    72.    Upon information and belief, IMD has contributed to the

15  infringement of the '716 Patent by others, through IMD's activities relating to

16  its HPF 3000 HydroFusion Portapeel MD and Imagederm Diamantech products

17  and/or systems.

18    73.    Upon information and belief, IMD has induced infringement of

19  the '716 Patent by others, through IMD's activities relating to its HPF 3000

20  HydroFusion Portapeel MD and Imagederm Diamantech products and/or

21  systems.

22    74.    Each of IMD's infringing activities is without the consent of,

23  authority of, or license from Edge.

24    75.    On April 8, 2014 Edge's President sent a cease and desist letter to

25  IMD informing them of Edge's rights to the '716 Patent and that IMD's

26  activities relating to the HPF 3000 HydroFusion Portapeel MD product

27  infringed the '716 Patent. A copy of that letter is attached hereto as Exhibit 7.

28  / / /

76.      On April 14, 2014, Edge received a response from IMD, through counsel, which requested additional information regarding the infringement of Edge's patents.  A copy of that letter is attached hereto as Exhibit 8.

77.      Edge's attorney sent a letter, dated April 25, to IMD providing the requested information regarding infringement of the '716 Patent.  IMD did not respond to this letter.  A copy of that letter is attached hereto as Exhibit 9.

78.      IMD's acts of infringement have caused damage to Edge in an amount to be determined at trial.

79.      IMD's infringement of the '716 Patent is causing irreparable harm to Edge, for which there is no adequate remedy at law.  IMD's infringement will continue, and will continue to cause irreparable harm to Edge, unless IMD's infringement is enjoined by this Court.

80.      Upon information and belief, IMD's infringement of the '716 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

## SIXTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,337,513

81.      Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-80 above.

82.      On December 25, 2012, U.S. Patent No. 8,337,513 ("the '513 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '513 Patent is attached hereto as Exhibit 6.

83.      Edge is the exclusive licensee of the '513 Patent.

/ / /

/ / /

-10-

Case 2:14-cv-04423   Document 17   Filed 06/09/14   Page 12 of 15   Page ID #:12

84.     Edge has provided proper and sufficient notice to the public that its products are patented under the '513 Patent by marking its products with an Internet address that lists the patent number.

85.     Upon information and belief, IMD manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '513 Patent, including but not limited to the HPF 3000 HydroFusion Portapeel MD and the Imagederm Diamantech products and/or systems.

86.     Upon information and belief, IMD has contributed to the infringement of the '513 Patent by others, through IMD's activities relating to its HPF 3000 HydroFusion Portapeel MD and Imagederm Diamantech products and/or systems.

87.     Upon information and belief, IMD has induced infringement of the '513 Patent by others, through IMD's activities relating to its HPF 3000 HydroFusion Portapeel MD and Imagederm Diamantech products and/or systems.

88.     Each of IMD's infringing activities is without the consent of, authority of, or license from Edge.

89.     On April 8, 2014 Edge's President sent a cease and desist letter to IMD informing them of Edge's rights to the '513 Patent and that IMD's activities relating to the HPF 3000 HydroFusion Portapeel MD product infringed the '513 Patent.  A copy of that letter is attached hereto as Exhibit 7.

90.     IMD's acts of infringement have caused damage to Edge in an amount to be determined at trial.

91.     IMD's infringement of the '513 Patent is causing irreparable harm to Edge, for which there is no adequate remedy at law.   IMD's infringement will continue, and will continue to cause irreparable harm to Edge, unless IMD's infringement is enjoined by this Court.

/ / /

-11-

Case 2:14-cv-04423   Document 17   Filed 06/09/14   Page 13 of 15   Page ID #:13

92.     Upon information and belief, IMD's infringement of the '513 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for judgment and seek relief as follows:

A.     That the Court enter judgment in favor of Plaintiffs and against IMD on all claims for relief alleged herein;

B.     A judgment that IMD has infringed U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716 and 8,337,513;

C.     Preliminary and permanent injunctions against further infringement by IMD of U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716, and 8,337,513 including injunctions against direct infringement, contributory infringement, and induced infringement;

D.     An award of damages for IMD's infringement of U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716 and 8,337,513;

E.     A declaration that IMD's infringement of U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716 and 8,337,513 was and is willful, and that this is an exceptional case under 35 U.S.C. § 285;

F.     A trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

G.     An award of attorneys' fees and non-taxable costs under 35 U.S.C. § 285 on account of IMD's willful infringement;

/ / /

/ / /

/ / /

/ / /

/ / /

-12-

1        H.     An award of taxable costs; and

2        I.      Such other and further relief as this Court may deem just and

3 proper.

4

                                Respectfully Submitted,

5
                                KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7

8 Dated: June 9, 2014          By: */s/ Brenton R. Babcock*

9                          Brenton R. Babcock
                         Rustin Mangum

10               Attorneys for Plaintiffs
              EDGE SYSTEMS LLC and

11               AXIA MEDSCIENCES, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

1

## **DEMAND FOR TRIAL BY JURY**

2      Plaintiffs hereby demand a trial by jury on all issues so triable.

3

4                                      Respectfully Submitted,

5                                      KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7
        Dated: June 9, 2014            By: */s/ Brenton R. Babcock*
8                                          Brenton R. Babcock
                                           Rustin Mangum
9                                      Attorneys for Plaintiffs
                                       EDGE SYSTEMS LLC and
10                                     AXIA MEDSCIENCES, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-