# EXHIBIT H

Brenton R. Babcock (SBN 162,120)
brent.babcock@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Rustin Mangum (SBN 280,109)
rustin.mangum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiffs
EDGE SYSTEMS LLC and
AXIA MEDSCIENCES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDGE SYSTEMS LLC, a California limited liability company, and AXIA MEDSCIENCES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NAUMKEAG SPA & MEDICAL SUPPLIES, LLC, a Massachusetts limited liability company,<br><br>Defendant. | Case No.: 2:14-CV-04663<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Edge Systems LLC ("Edge") and Axia MedSciences, LLC ("Axia") (collectively, "Plaintiffs"), for their Complaint against Defendant Naumkeag Spa & Medical Supplies, LLC ("Naumkeag"), hereby allege as follows:

## PARTIES

1.      Edge is a California limited liability company having a principal place of business at 2277 Redondo Avenue, Signal Hill, California, 90755.

2.      Edge manufactures spa and skin treatment products, including Edge's *HYDRAFACIAL*® hydradermabrasion systems, and sells and distributes them throughout the United States, including in this Judicial District.

3.      Axia is a Delaware limited liability company having a principal place of business at 23 Hallmark Circle, Menlo Park, California, 94025.

4.      Axia is the owner of the patents at issue in this case, and Edge is the exclusive licensee of those patents.

5.      Upon information and belief, Naumkeag is a Massachusetts limited liability company having a principal place of business at 22 Tower Park Drive, Woburn, Massachusetts 01801.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trademark infringement, false designation of origin, trademark dilution, and unfair competition pursuant to 35 U.S.C. § 271, 15 U.S.C. §§ 1114 and 1125, 15 U.S.C. §§ 1116(a) and 1121(a), and 28 U.S.C. §§ 1331 and 1338, as Plaintiffs' claims arises under the laws of the United States.

7.      Upon information and belief, Naumkeag conducts business throughout the United States, including in this Judicial District.

8.      This Court has personal jurisdiction over Naumkeag because Naumkeag has a continuous, systematic, and substantial presence within this

judicial district including by selling and offering for sale products for sale in this judicial district and selling into the stream of commerce knowing such products would be sold in this state and this district.

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 and 1400(b), and by Plaintiffs' choice of venue.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,299,620

(35 U.S.C. § 271)

10.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-9 above.

11.     This is a claim for patent infringement under 35 U.S.C. § 271.

12.     On October 9, 2001, U.S. Patent No. 6,299,620 ("the '620 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR INDUCING NEOCOLLAGENESIS IN SKIN TREATMENTS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '620 Patent is attached hereto as Exhibit 1.

13.     Edge is the exclusive licensee of the '620 Patent.

14.     Edge has provided proper and sufficient notice to the public that its products are patented under the '620 Patent by marking its products with an Internet address that lists the patent number.

15.     Upon information and belief, Naumkeag owns and operates the website www.gotoessentials.com and manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '620 Patent, including but not limited to the Essentials Hydro-Facial Machine product and/or system.

16.     Upon information and belief, Naumkeag has contributed to the infringement of the '620 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

-2-

17.    Upon information and belief, Naumkeag has induced infringement of the '620 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

18.    Each of Naumkeag's infringing activities is without the consent of, authority of, or license from Edge or Axia.

19.    Naumkeag's acts of infringement have caused damage to Plaintiffs in an amount to be determined at trial.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Naumkeag's infringing acts.

20.    Naumkeag's infringement of the '620 Patent is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law.  Naumkeag's infringement will continue, and will continue to cause irreparable harm to Edge, unless Naumkeag's infringement is enjoined by this Court.

21.    At least one member of Naumkeag was a past distributor of Edge's products and, upon information and belief, Naumkeag is intimately familiar with Edge's product line, trademarks, and patents at issue in this litigation.

22.    Upon information and belief, Naumkeag's infringement of the '620 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.  Naumkeag had knowledge of the '620 Patent and infringed the '620 Patent with reckless disregard of Plaintiffs' patent rights.  Naumkeag knew, or it was so obvious that Naumkeag should have known, that its actions constituted infringement of the '620 Patent.  Naumkeag's acts of infringement of the '620 Patent were not consistent with the standards for its industry.

/ / /

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,641,591

(35 U.S.C. § 271)

23.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-22 above.

24.     This is a claim for patent infringement under 35 U.S.C. § 271.

25.     On November 4, 2003, U.S. Patent No. 6,641,591 ("the '591 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '591 Patent is attached hereto as Exhibit 2.

26.     Edge is the exclusive licensee of the '591 Patent.

27.     Edge has provided proper and sufficient notice to the public that its products are patented under the '591 Patent by marking its products with an Internet address that lists the patent number.

28.     Upon information and belief, Naumkeag manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '591 Patent, including but not limited to the Essentials Hydro-Facial Machine product and/or system.

29.     Upon information and belief, Naumkeag has contributed to the infringement of the '591 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

30.     Upon information and belief, Naumkeag has induced infringement of the '591 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

31.     Each of Naumkeag's infringing activities is without the consent of, authority of, or license from Edge or Axia.

/ / /

32.     Naumkeag's acts of infringement have caused damage to Plaintiffs in an amount to be determined at trial.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Naumkeag's infringing acts.

33.     Naumkeag's infringement of the '591 Patent is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law.  Naumkeag's infringement will continue, and will continue to cause irreparable harm to Edge, unless Naumkeag's infringement is enjoined by this Court.

34.     Upon information and belief, Naumkeag's infringement of the '591 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.  Naumkeag had knowledge of the '591 Patent and infringed the '591 Patent with reckless disregard of Plaintiffs' patent rights.  Naumkeag knew, or it was so obvious that Naumkeag should have known, that its actions constituted infringement of the '591 Patent.  Naumkeag's acts of infringement of the '591 Patent were not consistent with the standards for its industry.

## THIRD CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 7,678,120
(35 U.S.C. § 271)

35.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-34 above.

36.     This is a claim for patent infringement under 35 U.S.C. § 271.

37.     On March 16, 2010, U.S. Patent No. 7,678,120 ("the '120 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '120 Patent is attached hereto as Exhibit 3.

38.     Edge is the exclusive licensee of the '120 Patent.

/ / /

-5-

39.     Edge has provided proper and sufficient notice to the public that its products are patented under the '120 Patent by marking its products with an Internet address that lists the patent number.

40.     Upon information and belief, Naumkeag manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '120 Patent, including but not limited to the Essentials Hydro-Facial Machine product and/or system.

41.     Upon information and belief, Naumkeag has contributed to the infringement of the '120 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

42.     Upon information and belief, Naumkeag has induced infringement of the '120 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

43.     Each of Naumkeag's infringing activities is without the consent of, authority of, or license from Edge or Axia.

44.     Naumkeag's acts of infringement have caused damage to Plaintiffs in an amount to be determined at trial.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Naumkeag's infringing acts.

45.     Naumkeag's infringement of the '120 Patent is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law. Naumkeag's infringement will continue, and will continue to cause irreparable harm to Edge, unless Naumkeag's infringement is enjoined by this Court.

46.     Upon information and belief, Naumkeag's infringement of the '120 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.  Naumkeag had knowledge of the '120 Patent and infringed the '120 Patent with reckless disregard of Plaintiffs' patent rights.  Naumkeag knew, or it was so obvious that Naumkeag should have known, that its actions

constituted infringement of the '120 Patent.  Naumkeag's acts of infringement of the '120 Patent were not consistent with the standards for its industry.

### FOURTH CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 7,789,886

(35 U.S.C. § 271)

47.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-46 above.

48.     This is a claim for patent infringement under 35 U.S.C. § 271.

49.     On September 7, 2010, U.S. Patent No. 7,789,886 ("the '886 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '886 Patent is attached hereto as Exhibit 4.

50.     Edge is the exclusive licensee of the '886 Patent.

51.     Edge has provided proper and sufficient notice to the public that its products are patented under the '886 Patent by marking its products with an Internet address that lists the patent number.

52.     Upon information and belief, Naumkeag manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '886 Patent, including but not limited to the Essentials Hydro-Facial Machine product and/or system.

53.     Upon information and belief, Naumkeag has contributed to the infringement of the '886 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

54.     Upon information and belief, Naumkeag has induced infringement of the '886 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

/ / /

55.     Each of Naumkeag's infringing activities is without the consent of, authority of, or license from Edge or Axia.

56.     Naumkeag's acts of infringement have caused damage to Plaintiffs in an amount to be determined at trial.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Naumkeag's infringing acts.

57.     Naumkeag's infringement of the '886 Patent is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law.  Naumkeag's infringement will continue, and will continue to cause irreparable harm to Edge, unless Naumkeag's infringement is enjoined by this Court.

58.     Upon information and belief, Naumkeag's infringement of the '886 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.  Naumkeag had knowledge of the '886 Patent and infringed the '886 Patent with reckless disregard of Plaintiffs' patent rights.  Naumkeag knew, or it was so obvious that Naumkeag should have known, that its actions constituted infringement of the '886 Patent.  Naumkeag's acts of infringement of the '886 Patent were not consistent with the standards for its industry.

## FIFTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,066,716

59.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-58 above.

60.     This is a claim for patent infringement under 35 U.S.C. § 271.

61.     On November 29, 2011, U.S. Patent No. 8,066,716 ("the '716 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '716 Patent is attached hereto as Exhibit 5.

62.     Edge is the exclusive licensee of the '716 Patent.

63.     Edge has provided proper and sufficient notice to the public that its products are patented under the '716 Patent by marking its products with an Internet address that lists the patent number.

64.     Upon information and belief, Naumkeag manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '716 Patent, including but not limited to the Essentials Hydro-Facial Machine product and/or system.

65.     Upon information and belief, Naumkeag has contributed to the infringement of the '716 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

66.     Upon information and belief, Naumkeag has induced infringement of the '716 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

67.     Each of Naumkeag's infringing activities is without the consent of, authority of, or license from Edge or Axia.

68.     Naumkeag's acts of infringement have caused damage to Plaintiffs in an amount to be determined at trial.  Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Naumkeag's infringing acts.

69.     Naumkeag's infringement of the '716 Patent is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law. Naumkeag's infringement will continue, and will continue to cause irreparable harm to Edge, unless Naumkeag's infringement is enjoined by this Court.

70.     Upon information and belief, Naumkeag's infringement of the '716 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.  Naumkeag had knowledge of the '716 Patent and infringed the '716 Patent with reckless disregard of Plaintiffs' patent rights.  Naumkeag knew, or it was so obvious that Naumkeag should have known, that its actions

constituted infringement of the '716 Patent.  Naumkeag's acts of infringement of the '716 Patent were not consistent with the standards for its industry.

### SIXTH CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 8,337,513

(35 U.S.C. § 271)

71.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-70 above.

72.     This is a claim for patent infringement under 35 U.S.C. § 271.

73.     On December 25, 2012, U.S. Patent No. 8,337,513 ("the '513 Patent"), entitled "INSTRUMENTS AND TECHNIQUES FOR CONTROLLED REMOVAL OF EPIDERMAL LAYERS," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '513 Patent is attached hereto as Exhibit 6.

74.     Edge is the exclusive licensee of the '513 Patent.

75.     Edge has provided proper and sufficient notice to the public that its products are patented under the '513 Patent by marking its products with an Internet address that lists the patent number.

76.     Upon information and belief, Naumkeag manufactures, distributes, imports, offers to sell, and/or sells in the United States certain products that infringe the '513 Patent, including but not limited to the Essentials Hydro-Facial Machine product and/or system.

77.     Upon information and belief, Naumkeag has contributed to the infringement of the '513 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

78.     Upon information and belief, Naumkeag has induced infringement of the '513 Patent by others, through Naumkeag's activities relating to its Essentials Hydro-Facial Machine product and/or system.

/ / /

79. Each of Naumkeag's infringing activities is without the consent of, authority of, or license from Edge or Axia.

80. Naumkeag's acts of infringement have caused damage to Plaintiffs in an amount to be determined at trial. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Naumkeag's infringing acts.

81. Naumkeag's infringement of the '513 Patent is causing irreparable harm to Plaintiffs, for which there is no adequate remedy at law. Naumkeag's infringement will continue, and will continue to cause irreparable harm to Edge, unless Naumkeag's infringement is enjoined by this Court.

82. Upon information and belief, Naumkeag's infringement of the '513 Patent was and is willful and deliberate, entitling Plaintiffs to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285. Naumkeag had knowledge of the '513 Patent and infringed the '513 Patent with reckless disregard of Plaintiffs' patent rights. Naumkeag knew, or it was so obvious that Naumkeag should have known, that its actions constituted infringement of the '513 Patent. Naumkeag's acts of infringement of the '513 Patent were not consistent with the standards for its industry.

## SEVENTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

83. Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-82 above.

84. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

85. Since at least as early as 2005, Edge has marketed and sold its high quality aesthetic devices and services in connection with the mark *HYDRAFACIAL®* ("the Edge Mark"). Edge's use of the Edge Mark in

/ / /

connection with aesthetic devices and services has been continuous and exclusive since Edge began using the mark.

86.    Edge is the owner of Trademark Registration No. 4,317,059 for the Edge Mark.  Trademark Registration No. 4,317,059 was registered with the U.S.P.T.O. on April 9, 2013 on the Principal Register.  Trademark Registration No. 4,317,059 is associated with the following goods and services: medical spa services, namely, minimally and non-invasive cosmetic and body fitness therapies.  A copy of the certificate of registration of Trademark Registration No. 4,317,059 is attached hereto as Exhibit 7.

87.    Over the years Edge has invested a considerable amount of time and money in establishing the Edge Mark in the minds of consumers as a source of high quality aesthetic devices and services.  As a result of Edge's substantial use and promotion of the Edge Mark in connection with aesthetic and other products and services, the mark has acquired great value as a specific identifier of Edge's products and services and serves to distinguish Edge's products and services from that of others.  Customers in this Judicial District and elsewhere readily recognize the Edge Mark as a distinctive designation of origin of Edge's products and services.  The Edge Mark is an intellectual property asset that has great value as a symbol of Edge's quality products and services and goodwill.

88.    Naumkeag has used in commerce, without Edge's permission, reproductions, copies or colorable imitations of the Edge Mark in connection with distributing, selling, offering for sale, advertising, and/or promoting Naumkeag's products and/or services, including for example Naumkeag's Essentials Hydro-Facial Machine as well as Naumkeag's literature advertising "hydrating infusion 'Hydra Facial' technology."

89.    Without Edge's permission, Naumkeag is reproducing, copying, or colorably imitating the Edge Mark and applying such reproductions, copies or colorable imitations to merchandise, labels, signs, packages, receptacles or

advertisements intended to be used in commerce upon or in connection with the distributing, selling, offering for sale, advertising and/or promoting of goods and/or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

90.     Naumkeag did not begin using its infringing mark in connection with aesthetic products and/or services until long after Edge began using the Edge Mark.

91.     Upon information and belief, Naumkeag's use of its infringing mark is designed to cause confusion, mistake, or deception.

92.     By virtue of the acts complained of herein, Naumkeag has created a likelihood of injury to Edge's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Edge and Naumkeag's goods, has caused actual confusion, and has otherwise competed unfairly with Edge by unlawfully trading on and using the Edge Mark without Edge permission or consent.

93.     At no time has Edge ever given Naumkeag license, permission or authority to use or display the Edge Mark.

94.     Upon information and belief, Naumkeag's activities complained of herein constitute willful and intentional infringements of the Edge Mark, and that Naumkeag did so with the intent to unfairly compete against Edge, to trade upon Edge's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Naumkeag's products and/or services are associated with, sponsored by, originated from, or are approved by Edge, when in truth and fact they are not.

95.     Upon information and belief, Naumkeag had actual knowledge of Edge's ownership and prior use of the Edge Mark and without the consent of Edge has willfully infringed the Edge Mark in violation of 15 U.S.C. § 1114.

96.     Upon information and belief, Naumkeag has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Edge Mark in an amount that is not presently known to Edge.  By reason of Naumkeag's actions, constituting unauthorized use of the Edge Mark, Edge has been damaged and is entitled to monetary relief in an amount to be determined at trial.

97.     Due to Naumkeag's actions, constituting unauthorized use of the Edge Mark, Edge has suffered and continues to suffer great and irreparable injury, for which Edge has no adequate remedy at law.  Edge will suffer substantial loss of goodwill and reputation unless and until Naumkeag is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## EIGHTH CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN
(15 U.S.C. § 1125(a))

98.     Plaintiffs incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-97 above.

99.     This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

100.     Without Edge's consent, Naumkeag has created and will create a false designation of origin by using in commerce the Edge Mark and/or other marks confusingly similar to the Edge Mark in connection with the distribution, sale, offering for sale, advertising, and/or promotion of Naumkeag's products and/or services, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with Edge or to suggest Edge as the origin of the goods and/or services, or that Edge has sponsored or approved Naumkeag's commercial activities.

101.    Upon information and belief, Naumkeag acted with the intent to unfairly compete against Edge, to trade upon Edge's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Naumkeag's aesthetic products and/or services are associated with, sponsored by or approved by Edge, when they are not.

102.    Upon information and belief, Naumkeag had knowledge of Edge's ownership and prior use of the Edge Mark, and without the consent of Edge, has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

103.    Upon information and belief, Naumkeag has derived and received, and will continue to derive and receive, gains, profits, and advantages from Naumkeag's false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Edge.  By reason of Naumkeag's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Edge has been damaged and is entitled to monetary relief in an amount to be determined at trial.

104.    Due to Naumkeag's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Edge has suffered and continues to suffer great and irreparable injury, for which Edge has no adequate remedy at law.

**DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs pray for judgment and seek relief as follows:

A.    That the Court enter judgment in favor of Plaintiffs and against Naumkeag on all claims for relief alleged herein;

/ / /

B.    A judgment that Naumkeag has infringed U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716 and 8,337,513;

C.    Preliminary and permanent injunctions against further infringement by Naumkeag of U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716, and 8,337,513 including injunctions against direct infringement, contributory infringement, and induced infringement;

D.    An award of damages for Naumkeag's infringement of U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716 and 8,337,513;

E.    A declaration that Naumkeag's infringement of U.S. Patent Nos. 6,299,620, 6,641,591, 7,678,120, 7,789,886, 8,066,716 and 8,337,513 was and is willful, and that this is an exceptional case under 35 U.S.C. § 285;

F.    A trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

G.    An award of attorneys' fees and non-taxable costs under 35 U.S.C. § 285 on account of Naumkeag's willful infringement;

H.    That the Edge Mark be deemed valid and willfully infringed by Naumkeag in violation of 15 U.S.C. § 1114, *et seq*.;

I.    A preliminary and permanent injunction against Naumkeag, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Naumkeag, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

   1.    using to market, advertise, promote, sell, offer for sale, and/or identify Naumkeag's goods and/or services with the Edge Mark or any mark that is confusingly similar to the Edge Mark or is likely to create the erroneous impression

that Naumkeag's goods or services originate from Edge, are endorsed by Edge, or are connected in any way with Edge;

2.     manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products or services that use the Edge Mark and/or any confusingly similar marks;

3.     otherwise infringing the Edge Mark;

4.     falsely designating the origin of Naumkeag's goods;

5.     unfairly competing with Edge in any manner; or

6.     causing a likelihood of confusion or injuries to Edge's business reputation;

J.     That Naumkeag be directed to file with this Court and serve on Edge within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Naumkeag has complied with the injunction pursuant to 15 U.S.C. § 1116;

K.     That, because of the exceptional nature of this case resulting from Naumkeag's deliberate infringing actions, this Court award to Edge all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

L.     That Naumkeag be required to account for any and all profits derived by its acts of trademark infringement, false designation of origin, and unfair competition complained of in this Complaint;

M.     That Edge be awarded damages for Naumkeag's trademark infringement pursuant to 15 U.S.C. § 1117 in the form of Naumkeag's profits, damages sustained by Edge and the costs of the action, together with prejudgment and post-judgment interest;

/ / /

N.      That Naumkeag's acts of trademark infringement, false designation of origin, and unfair competition complained of in this Complaint be deemed willful, and that Edge be entitled to enhanced damages;

O.      That Plaintiffs have and recover the costs of this civil action, including reasonable attorneys' fees;

P.      An award of pre-judgment and post-judgment interest and costs of this action against Naumkeag;

Q.      An award of taxable costs; and

R.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: June 17, 2014          By: _/s/ Ali S. Razai_____
                                   Brenton R. Babcock
                                   Ali S. Razai
                                   Rustin Mangum
                                   Attorneys for Plaintiffs
                                   EDGE SYSTEMS LLC and
                                   AXIA MEDSCIENCES, LLC

1
## <u>DEMAND FOR TRIAL BY JURY</u>

2
Plaintiffs hereby demand a trial by jury on all issues so triable.

3
Respectfully submitted,

4
KNOBBE, MARTENS, OLSON & BEAR, LLP

5

6

7
Dated: June 17, 2014        By: _/s/ Ali S. Razai_____
        Brenton R. Babcock
        Ali S. Razai
8
        Rustin Mangum
        Attorneys for Plaintiffs
9
        EDGE SYSTEMS LLC and
        AXIA MEDSCIENCES, LLC
10

18225453

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-